■ MICHAEL M. FEDER, on Behalf of Himself and All Other Holders of Convertible Subordinated Debentures of Union Carbide Corporation Similarly Situated, Appellant, v UNION CARBIDE CORPORATION, Respondent. (Action No. 1.) CUBIT CORPORATION, Appellant, v UNION CARBIDE CORPORATION, Respondent. (Action No. 2.) CONGREGATION ADERES ELIYUH KOLEL ORSCHOS HEMISHPITAN CORPORATION, Appellant, v UNION CARBIDE CORPORATION, Respondent. (Action No. 3.)—In consolidated actions, inter alia, to recover damages allegedly caused by the defendant's failure to adjust the conversion ratio of certain convertible debentures to common stock in accordance with the terms of the convertible debentures, the plaintiffs debenture holders appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Harwood, J.), dated January 27, 1987, which, inter alia, granted the defendant's cross motion to dismiss the complaints pursuant to CPLR 3211 (a) (7) based on the plaintiffs' failure to comply with the procedure set forth in the indenture for maintenance of a suit by individual debenture holders.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

We agree with the trial court that the plaintiffs may not maintain this consolidated action because they failed to comply with the requirement of section 6.06 of the indenture under which the convertible debentures which are the basis for this suit were issued. Section 6.06 places a limitation on suits by individual debenture holders, by requiring that they comply with certain procedures before bringing an action. The record shows that the plaintiffs did not comply with the requirement of section 6.06. They maintain that compliance with section 6.06 should be excused because of time constraints or the trustee's allegedly unreasonable refusal to take action. However, time constraints did not make compliance with section 6.06 impossible *(cf., Nuveen & Co. v New York City Hous. Dev. Corp.,* US Dist Ct, ND Ill, May 8, 1986, Hart, J.). Moreover, the record shows that the trustee's decision not to institute suit was based on the opinion of counsel and because the plaintiffs did not offer to indemnify the trustee. Under these circumstances, we conclude that the plaintiffs failed to show that the trustee acted other than in accord with its duties and rights under sections 7.01, 7.02 and 7.03 of the indenture.

The plaintiffs next contend that section 6.07 provides an exception to the limitations on suits imposed by section 6.06. We note that the purpose of provisions such as section 6.06 is to deter individual debenture holders from bringing independent law suits which are more effectively brought by the indenture trustee (American Bar Foundation, Commentaries on Indentures, at 232-234 [1971]). The purported exception to section 6.06 must not be construed to render section 6.06 ineffective *(see, Laba v Carey,* 29 NY2d 302, 308). The exception on which the plaintiffs rely provides that the debenture holder has a right to bring suit for the enforcement of his "right to convert" the debenture to common stock. The plaintiffs do not allege that they have been prevented from exercising their right to convert. Instead, this suit seeks damages for the defendant's alleged breach of the indenture based on its failure to adjust the conversion ratio at which the holders may convert. This alleged breach would not prevent the debenture holders from exercising their right to convert, but would affect the price at which the conversion was executed. We conclude that the exception in section 6.07 which allows debenture holders to enforce the right to convert, without compliance with section 6.06, was not intended to include a debenture holder's suit for the alleged breach of the indenture's price adjustment provisions. Read together, sections

6.06 and 6.07 do not permit debenture holders to bring suits such as those at bar without first complying with section 6.06. Accordingly, we agree with the Supreme Court that the plaintiffs' failure to comply with section 6.06 warrants dismissal of their complaints. Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.